5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In the Matter of the WILL OF Myrtle C. MONCRAVIE, Osage
Allottee No. 917, Deceased, and Annette Gore,
Plaintiff-Appellant,
v.
Manuel LUJAN, John T. Moncravie, Jr., Mary Kathryn Moncravie
Lewis, First National Bank of Berryville,
Arkansas, Clementine S. Moncravie, and
Chris Alec Moncravie,
Defendants-Appellees.
 No. 93-5092.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Annette Gore appeals from a decision of the district court affirming the validation of her mother's will by the Regional Solicitor of the Department of the Interior. "Because the relevant facts are undisputed and we consider only legal issues, our review is plenary." Jim Walter Homes, Inc. v. Spears (In re Thompson), 894 F.2d 1227, 1228 (10th Cir.1990).
 
 
 3
 Decedent Myrtle C. Moncravie, plaintiff's mother and a resident of Arkansas, executed a will in Arkansas distributing her headright interest as an original Osage Indian allottee to two children of her deceased son but expressly excluding plaintiff. Plaintiff argues that her mother's will was not executed "in accordance with" Oklahoma law and therefore is invalid.
 
 
 4
 The distribution of Osage Indian headrights by will is governed by Section 8 of the Act of April 18, 1912, ch. 83, 37 Stat. 86, 88, Pub.L. No. 125, as amended by Section 5(a) of the Act of October 21, 1978, Pub.L. No. 95-496, 92 Stat. 1660, 1661. It provides:
 
 
 5
 Any person of Osage Indian blood, eighteen years of age or older, may dispose of his Osage headright or mineral interest and the remainder of his estate (real, person, and mixed, including trust funds) from which restrictions against alienation have not been removed by will executed in accordance with the laws of the State of Oklahoma.
 
 
 6
 Plaintiff does not contest on appeal that decedent's will was executed in conformity with the laws of Arkansas, but argues that decedent did not make a sufficient declaration to the witnesses that she was executing a will to establish its validity under Oklahoma law, citing Price v. Price, 479 P.2d 952 (Okla.1971). Although defendants attempt to distinguish Price and rely on other Oklahoma cases to support their position, they rely principally, as did the Regional Solicitor and the district court, on Okla.Stat. tit. 84, 71, which provides as follows:
 
 
 7
 A will, or a revocation thereof, made out of this state by a person not having his domicile in this state; is as valid when executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, as if it were made in this state, and according to the provisions of this article.
 
 
 8
 We agree that the operation of the federal statute and 71, read together, unambiguously validates decedent's will. That will, validly executed in Arkansas, is also valid "as if it were made in [Oklahoma]." It is thus executed "in accordance with the laws of the State of Oklahoma," and we need not consider the defendants' other arguments.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3